816 F.2d 671
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James CUTHRELL, Sr., Appellant,
v.
Don TRUELOVE, Don Tripp; Ned Thorpe; Lindy Pendergrass, Appellees.
 No. 85-6232.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 14, 1986.
Decided March 25, 1987.
 
 Before PHILLIPS and CHAPMAN, Circuit Judges, and MAXWELL, United States District Judge for the Northern District of West Virginia, sitting by designation.
 Hector Lora, Third Year Law Student, Appellate Litigation Clinical Program, Georgetown University Law Center (Steven H. Goldblatt, Director; Lesley Anne Fair, Appellate Law Fellow; Ellen S. Kern, Student Counsel, on brief), for appellant.
 George W. Miller, Jr.; Sherry R. Dawson (Haywood, Denny, Miller, Johnson, Sessoms & Haywood, on brief), for appellees.
 CHAPMAN, Circuit Judge:
 
 
 1
 James Cuthrell, Sr. brought this action under 42 U.S.C. Sec. 1983 claiming that his Fourth Amendment rights were violated by the defendants, who are officers of the Chapel Hill, North Carolina, Police Department, when they seized various articles of his personal property from his residence during a search that was limited by the terms of the search warrant to "controlled substances, to wit: marijuana and cocaine." At the conclusion of the plaintiff's evidence at trial, the district judge directed a verdict for the defendants upon the grounds that the personal property seized was in plain view, was discovered inadvertently by the officers while they were executing a valid search warrant, and was believed to be contraband (stolen property). We find that there were factual issues to be resolved on the question of whether the plain-view exception to the warrant requirement was applicable, and we reverse.
 
 I.
 
 2
 For some time prior to October 15, 1979 the Chapel Hill Police and North Carolina S.B.I. agents were aware that James Cuthrell, Sr., also known as "Big Jim", was using his residence at 414 Whitaker Street, Chapel Hill, North Carolina, as a place to store and sell illegal drugs. On August 17, 1979 and on September 14 and 20, 1979 S.B.I. agents purchased various illegal drugs including L.S.D., marijuana and cocaine at this address and on two occasions the sales were handled by James Cuthrell, Sr. On October 15, 1979, defendant Don Truelove of the Chapel Hill Police Department executed an affidavit in application for a search warrant. The affidavit outlined the surveillance that had been conducted of 414 Whitaker Street in Chapel Hill and also set forth the undercover purchases that had been made by drug agents from Cuthrell at the address and other information that the police had as to Cuthrell's dealing in controlled substances. The affidavit stated that there was probable cause to believe that certain property was located at 414 Whitaker Street which constituted evidence of a crime and that this property was "controlled substances, to wit: marijuana and cocaine." A superior court judge issued the search warrant and on October 16, 1979 the warrant was executed at 414 Whitaker Street, Chapel Hill, North Carolina. James Cuthrell, Sr. was not present at the time the warrant was served, but the officers served his son at the residence and proceeded with the search. The search produced some marijuana, but the officers also seized a large quantity of personal property which the officers concluded had been exchanged or bartered for illegal drugs and had been stolen before being delivered to Cuthrell in exchange for illegal drugs. The Inventory of Seized Property includes several CB radios, two car radios, an eight-track tape player, two sets of microphones, two motorcycle helmets, two turntables, an electric chain saw, several CB antennas, a TV tunaroto, a set of scales, two speakers, three suits of clothes, three pocket books, three leather jackets, two cases of Lark cigarettes, two North Carolina license plates, a circular saw, a jigsaw, four tool boxes, two car jacks, one yellow telephone, a number of tires and nineteen hubcaps of various make.
 
 
 3
 Later on the day of the search Cuthrell was arrested and charged with possession of marijuana and cocaine. However, these charges were subsequently dismissed by the Orange County District Attorney on April 8, 1980, because Cuthrell had been convicted of various other drug violations in Chatham County, North Carolina and, pursuant to those convictions, had received a sentence of 25 to 30 years.
 
 
 4
 On December 6, 1979, Cuthrell filed a motion for the return of the personal property seized in the October 16 search. All of the items of personal property were returned except four or five items which had been reported to the police as stolen.
 
 
 5
 The appellant, acting pro se, brought a Sec. 1983 action against the defendants, who are the police officers who conducted the search and seizure, claiming a violation of his Fourth Amendment rights and the loss of the use of his property from October 16, 1979 until it was returned to him in January 1980. At trial the appellant testified that he was in the automobile restoration and repair business and that the various tools, pieces of equipment and other auto parts were necessary to his business. As a result of these items being seized, he claimed monetary damage. In his testimony Cuthrell denied that he was engaged in the sale of controlled substances at his residence in Chapel Hill and denied that he had exchanged controlled substances for personal property. He claimed that all of the items seized, except the marijuana, were used in his legitimate business of reconditioning and repairing automobiles.
 
 
 6
 At the conclusion of the appellant's testimony, the district judge advised him that he had the right to call the defendants as witnesses, and appellant proceeded to call Don Truesdale, Don Tripp and Lindy Pendergrass. From the testimony of these witnesses it is apparent that the defendants were aware that Cuthrell was dealing in drugs at his Chapel Hill residence. They were also aware that personal property, sometimes stolen personal property, was being exchanged or bartered for drugs, and they had received complaints from neighbors of young people going in and out of the residence in what appeared to be drug connected activities. There was also testimony of drug buys made at the residence by state agents during the investigation and prior to the search.
 
 
 7
 At the conclusion of the plaintiff's case the district court directed a verdict for the defendants and found that the evidence was undisputed that the defendants operated under a valid search warrant for the purpose of seizing illegal drugs, and "that the items seized which were not illegal drugs were in plain view of the police officers who were conducting the search and were believed to be contraband (stolen property). Plaintiff was not present during the search. It is well settled that police officers may seize items not named in a search warrant that were in plain view of the officers and were discovered inadvertently in the execution of the search warrant. See United States v. Crouch, 648 F.2d 932 (1981)."
 
 II.
 
 8
 In Coolidge v. New Hampshire, 403 U.S. 443 (1971) the court stated that the warrant requirement of the Fourth Amendment serves two distinct purposes: first, "the magistrate's scrutiny is intended to eliminate altogether searches not based on probable cause;" and second, "those searches deemed necessary should be as limited as possible". Coolidge at 467.
 
 
 9
 The present appeal does not challenge the officers' authority, based upon the validly issued warrant, to search for and to seize drugs. The claim raises the second constitutional protection of the warrant requirement in alleging that the officers failed to limit their search and seizure to what was authorized by the warrant, "controlled substances, to wit: marijuana and cocaine." Since the officers obviously exceeded the scope of the warrant, the correctness of the verdict directed in their favor depends upon whether their actions in seizing property other than marijuana and cocaine was authorized by the plain-view exception to the warrant requirement. In Texas v. Brown, 460 U.S. 730 (1983) the court determined that the plain-view doctrine may only be applied when (1) an officer is legitimately in position to view an object, (2) the evidence is discovered inadvertently, and (3) the incriminating nature of the evidence is immediately apparent.
 
 
 10
 Under the second requirement, that of inadvertent discovery, an officer "may not 'know in advance of the location of [certain] evidence and intend to seize it,' relying on the plain-view doctrine only as a pretext." Texas v. Brown, supra, at 737 (quoting Coolidge, supra, at 470). Thus, "[i]f the initial intrusion is bottomed upon a warrant that fails to mention a particular object, though the police knew its location and intend to seize it, then there is a violation of the express constitutional requirement of 'Warrants ... particularly describing ... [the] things to be seized.' " Coolidge at 471. In the present case the defendants have a real problem in convincing us that there was only one reasonable inference to be drawn from the evidence, and that this supported their claim that the seizure was valid under the plain-view exception. The more the evidence strengthens the "immediately apparent" requirement of Texas v. Brown, the more the same evidence weakens the second requirement, that the evidence is "discovered inadvertently." The officers testified that they were aware that there was bartering for drugs at 414 Whitaker Street, and that quite often this involved stolen property. There was also evidence that state law enforcement agents had been inside the residence to make purchases of drugs on several occasions in the month preceding the search. These agents must have seen the stacks of property which the officers, who executed the warrant, seized as stolen property or property bartered for drugs. If the officers were aware of this property and its location, they should have sought to establish probable cause for its seizure at the time they obtained the warrant, and it should have been identified in the warrant. The court may not rely on the plain-view exception to excuse compliance with the warrant requirement unless the evidence was discovered inadvertently, and upon the evidence presented at trial, a reasonable jury could have concluded that this discovery was not inadvertent.
 
 
 11
 There is also a jury question as to the "immediately apparent" requirement because we do not believe that as to each of the more than one hundred items seized, the jury could only have found that the officers had probable cause to believe that each item was stolen or was evidence of a crime. Even though the jury might find it hard to believe that Cuthrell was engaged in the automobile repair and reconditioning business, this disbelief would not lead to the conclusion that each item seized was stolen or was evidence of a crime.
 
 
 12
 Since a factual issue has been created as to whether the plain-view exception to the search warrant requirement has been established, we vacate the district court's entry of a directed verdict in favor of the defendants and remand the case for further proceedings. On remand the district court should consider the defendant's good faith immunity defenses under Harlow v. Fitzgerald, 457 U.S. 800 (1981), U.S. v. Leon, 468 U.S. 897 (1984), and Malley v. Briggs, --- U.S. ---- (1986).
 
 
 13
 VACATED AND REMANDED.